IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,725-01






EX PARTE JERZY WOJCIECH ROWLAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2003-0791-A IN THE 16
TH JUDICIAL DISTRICT COURT


FROM DENTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to ten (10) years' imprisonment. He did not appeal his conviction. 

 Applicant contends that the State breached the plea agreement because the parties had agreed
that the State would not seek an affirmative finding of a deadly weapon, but approximately one year
after the judgment and sentence had been entered, the State filed a motion for nunc pro tunc
judgment seeking to add an affirmative finding of a deadly weapon, which was granted. Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608
(1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide
Applicant's trial counsel and the State with the opportunity to respond to Applicant's claims. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that the State breached the terms of the plea agreement by seeking an affirmative finding of
a deadly weapon. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief. The trial court shall supplement the habeas record with copies of all documents on which its
findings are based, including copies of the plea papers, affidavits from counsel, and any other
relevant documentation.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 25, 2006


Do not publish